NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MANUEL MORA, JR.,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2024-1639

---

Petition for review of the Merit Systems Protection Board in No. SF-0831-18-0241-I-1.

---

Decided:  February 10, 2025

---

MANUEL MORA, JR., Zambales, Philippines, pro se.

ELIZABETH MARIE DURFEE PULLIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, ALBERT S. IAROSSI, PATRICIA M. MCCARTHY.

---

Before LOURIE, REYNA, and TARANTO, *Circuit Judges*.

PER CURIAM.

Manuel Mora, Jr. appeals from a decision of the Merit Systems Protection Board ("the Board") holding his administrative appeal precluded under the doctrine of res judicata. *Mora v. Off. of Pers. Mgmt.*, No. SF-0831-18-0241-I-1, 2024 WL 659619 (M.S.P.B. Feb. 15, 2024). For the following reasons, we *affirm*.

## BACKGROUND

Mora Jr.'s father worked for the United States Department of the Navy ("the Navy") intermittently from May 1946 until August 1980. S.A.[1] 2. At some point, the elder Mora filed an application with OPM seeking a deferred retirement annuity pursuant to the Civil Service Retirement Act ("CSRA"). S.A. 2; *see* 5 U.S.C. § 8331 *et seq.* After the application was denied, the elder Mora appealed OPM's decision to the Board. In an Initial Decision dated January 15, 2015, an administrative judge ("AJ") denied the appeal, determining that the elder Mora was not entitled to a deferred retirement annuity because his positions with the Navy were not covered by the CSRA. *Mora v. Off. of Pers. Mgmt.*, No. SF-0831-14-0822-I-1, 2015 WL 241676 (Jan. 15, 2015). The Initial Decision was not appealed and became final on February 19, 2015. S.A. 2.

After the elder Mora passed away, Mora Jr. filed with OPM an Application for Death Benefits, asserting that he was entitled to a deferred retirement annuity based on his father's employment with the Navy. S.A. 3. OPM denied the application, explaining that the elder Mora's ineligibility for benefits under the CSRA necessarily rendered Mora Jr. ineligible. S.A. 3.

---

[1] "S.A." refers to the Supplemental Appendix filed with Respondent's Brief.

Mora Jr. appealed the denial of his Application for Death Benefits to the Board. On May 18, 2018, an AJ issued an Initial Decision, holding that res judicata precluded Mora Jr.'s claim by virtue of the previous denial of his father's application. S.A. 4–6. Following a petition for review, the Board summarily affirmed the AJ's Initial Decision denying Mora Jr.'s application on February 15, 2024. S.A. 18–19.

Mora Jr. timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm a final decision of the Board unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c).

Mora Jr. raises two challenges on appeal. First, Mora Jr. argues that the Board incorrectly applied res judicata to bar adjudication of his claim. Second, Mora Jr. asserts that his father's positions with the Navy were eligible for benefits under the CSRA, thereby entitling Mora Jr. to a deferred retirement annuity. Because we determine that the Board correctly applied the doctrine of res judicata, we need not address Mora Jr.'s CSRA argument.

Res judicata bars relitigation of claims that were, or could have been, raised in a prior action, *Allen v. McCurry*, 449 U.S. 90, 94 (1980), and applies when: "(1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases." *Carson v. Dep't of Energy*, 398 F.3d 1369, 1375 (Fed. Cir. 2005). As the Supreme Court has explained, res judicata "relieve[s] parties of the cost and vexation of multiple lawsuits,

conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s] reliance on adjudication." *Allen*, 449 U.S. at 94. In light of these principles, res judicata applies even when a party asserts a prior decision was made in error. *City of Arlington, Tex. v. F.C.C.*, 569 U.S. 290, 297 (2013) ("even an erroneous judgment is entitled to res judicata effect").

While it is unclear from Mora Jr.'s briefing what issue he takes with the application of res judicata to his claim, we agree with the Board that res judicata precludes his claim for a deferred retirement annuity because the January 15, 2015 decision affirming the denial of the elder Mora's application for a deferred retirement annuity satisfies each element of res judicata.

First, the Board has jurisdiction over applications for benefits under the CSRA. 5 U.S.C. § 8347(d)(1) (providing the Board jurisdiction over certain CSRA cases). Second, the Board decided the elder Mora's appeal seeking a deferred retirement annuity on the merits, explaining that the elder Mora did not qualify for benefits under the CSRA because he was eligible for other government retirement systems. *Mora*, 2015 WL 241676; *see* 5 U.S.C. § 8331(1)(L)(ii) (excluding federal employees from receiving CSRA benefits who are eligible for other government retirement systems). That decision became final on February 19, 2015 after no appeal was taken from the decision. 5 U.S.C. § 7701(e)(1) (any decision by an AJ "shall be final unless . . . a party to the appeal or the Director petitions the Board for review within 30 days after receipt of the decision."). Third, the present claim and the Board's decision denying the elder Mora's claim involved the same cause of action: entitlement to a deferred retirement annuity under the CSRA based on the elder Mora's positions with the Navy. And Mora Jr. is a privy to the elder Mora because Mora Jr's claim is entirely dependent on his father's entitlement to the deferred retirement annuity. Restatement (First) of Judgments § 83 (privity in the context of res

judicata includes "those whose interests are represented by a party to the action").

In sum, the Board correctly held that res judicata applies to preclude Mora Jr.'s claim. We therefore do not address whether Mora Jr. was entitled to a deferred retirement annuity under the CSRA.

## CONCLUSION

We have considered Mora Jr.'s other arguments and find them unpersuasive. For the foregoing reasons, we *affirm*.

## **AFFIRMED**

### COSTS

No costs.